QUESTION:
Does the governor have the mandatory duty to call a special election to fill a vacancy in the office of member of the House of Representatives of this state created by the death of the incumbent?
SUMMARY:
Under s. 100.101, F.S., the governor has the mandatory duty to call a special election to fill a vacancy in a legislative office when a regular session of the legislature will be held prior to the next general election.
Article III, s. 15(d), State Const., provides that "[v]acancies in legislative office shall be filled only by election as provided by law." Section 100.101, F.S., provides that
"Special elections shall be held in the following cases: (2) When a vacancy occurs in the office of state senator or member of the house of representatives."
As originally adopted by Ch. 3879, 1889, Laws of Florida, this subsection contained a proviso, reading as follows:
"But in case of a vacancy in the office of senator or member of the said house of representatives, a special election shall not be held unless a session of the Legislature shall be held after the vacancy occurs and before a general election."
The 1951 revision of the Election Code (Ch. 26870, 1951, Laws of Florida) removed the proviso as a part of s. 100.101, supra, but included an almost identical provision as s. 100.111(6)(d), F.S. — a new section prescribing the procedure for selecting political party nominees in special elections to fill vacancies in office in various situations. Subsection 100.111(7) contained this statement of legislative intent:
"This section shall be liberally construed to the end that vacancies in the membership of the legislature occurring during any regular session may be filled as speedily as possible and no nomination of candidates by primary election, executive committee or otherwise than as provided shall be required."
The 1951 revision retained the provision (s. 100.131, F.S.) prescribing the governor's duties in calling a special election "[w]henever a special election is required to fill a vacancy in the office of state senator or representative during a regular session. . . ." And this provision has been carried forward unchanged into the Florida Statutes 1971. A 1953 amendment (by Ch. 28156) deleted many of the provisions of s. 100.111 prescribing the procedure for filling vacancies in specific situations and provided generally the governor's duties in this respect. It deleted also the provision stating specifically that an election to fill a vacancy in a legislative post need not be held "unless a session of the legislature shall be held after the vacancy occurs and before a general election." However, it made no change in s. 100.131; nor did it amend s. 100.101, supra, providing in mandatory terms that a special election shall be held to fill a vacancy in a state legislative office. And it declared a legislative intent as follows:
"(7) It is declared to be the purpose of subsections (1)-(5) of this section to provide for special primaries to select nominees to become candidates in special elections which are necessary tobe held to fill vacancies in the elective offices which cannot be filled by appointment." (Emphasis supplied.)
While no opinion of this office or of the courts has been found on the exact question here presented, the opinion of the court in In re Advisory Opinion to the Governor, 60 So.2d 285, 287 (Fla. 1952), concerning the governor's duty to call a special primary election to fill the vacancy in nomination created by the death of Justice Roy Chapman is of interest. The governor was advised that the language of s. 100.111(2)(c), supra, "is plain and unambiguous and does not admit of any construction different from that conveyed by its clear language." It was stated also that
". . . [T]he applicable statute quoted by you imposes upon the Governor the mandatory duty of calling a special first primary election, where a vacancy occurs in nomination for an elective state office later than 30 days before a first primary election and before 40 days prior to the general election. . . .
We advise you, therefore, in respect to the second question, that inasmuch as the statute makes it your clear mandatory duty to call a first primary election, it also imposes upon you the duty of fixing in your call the date of such first primary election."
(The statute has, of course, been since amended to specifically authorize the governor to fix the dates of the special primary elections.) Accord: Baker v. State, 122 So.2d 816 (2 D.C.A. Fla., 1960), ruling that a special election to fill a vacancy in nomination for the office of county judge should be called by the governor. The statement of my predecessor in office in AGO 070-32 concerning the filling of vacancies in legislative offices is also relevant here. He said that "[t]he senatorial vacancy in District 24, Hillsborough County, should be filled as quickly as possible to provide the citizens of that district full and complete representation in the 1970 Legislature. . . ."
A session of the legislature will occur between now and the next regularly scheduled general election. And I have the view that, in light of the history of the statute referred to above, it was the legislative intent to impose upon the governor the mandatory duty of calling a special election to fill a vacancy in legislative office that will exist during a regular session of the legislature. In order to give full force and effect to the provisions of s. 100.131, supra, quoted above, no other conclusion is possible. Such a conclusion is also in accord with the principle, noted in AGO 070-32, supra, that the citizens of the legislative district in which a vacancy exists are entitled to "full and complete representation" in a regular legislative session.